IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICK MCKIBBINS, | ) | |
| | ) | |
| Petitioner, | ) | No. 12 C 9841 |
| | ) | |
| v. | ) | Judge Robert W. Gettleman |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner Patrick McKibbins has filed a Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255, claiming ineffective assistance of trial counsel. The government opposes petitioner's motion. For the reasons described below, the motion is denied.

## BACKGROUND

In 2008, petitioner was arrested in the Northern District of Illinois for traveling in interstate commerce from Wisconsin to Illinois for the purpose of engaging in illicit sexual conduct with a minor, in violation of 18 U.S.C. 2423(b). Petitioner was charged in a three-count superseding indictment with using interstate wire communications to attempt to entice an individual whom the petitioner believed to be a female minor, in violation of 18 U.S.C. 2442(b) (Count One); traveling in interstate commerce in order to engage in a sexual act with an individual whom the petitioner believed to be a female minor, in violation of 18 U.S.C. 2423(b) (Count Two); and attempted obstruction of justice, in violation of 18 U.S.C. 1512(c)(1) and (2) (Count Three). On January 16, 2009, following a four day jury trial, petitioner was found guilty on all three counts. Petitioner was subsequently sentenced to 140 months' imprisonment.

Petitioner has filed a § 2255 petition alleging that his trial counsel was ineffective for four reasons: he failed to introduce at trial the results of a psychosexual evaluation that ruled out a diagnosis of pedophilia; he failed to call character witnesses at trial to testify on petitioner's behalf; he refused to permit plaintiff to testify at trial on his own behalf; and he failed to prevent an entrapment defense at trial.

## Legal Standard

### A.      § 2255 Petitions

Section 2255 allows a person convicted of a federal crime to seek to vacate, set aside, or correct his sentence. This relief is available only in limited circumstances, such as where an error is jurisdictional, constitutional, or there has been a "complete miscarriage of justice." See Harris v. United States, 366 F.3d 593, 594 (7th Cir. 2004); Bischel v. United States, 32 F.3d 259, 263 (7th Cir. 1994) (internal quotations and citations omitted). The record is reviewed and all reasonable inferences are drawn in favor of the government. See United States v. Galati, 230 F.3d 254, 258 (7th Cir. 2000); Messinger v. United States, 872 F.2d 217, 219 (7th Cir. 1989).

Section 2255 petitions are subject to various bars, including procedural default. The Seventh Circuit has noted that § 2255 petitions are "'neither a recapitulation of nor a substitute for a direct appeal.'" McCleese v. United States, 75 F.3d 1174, 1177 (7th Cir. 1996) (citations omitted). Therefore, a § 2255 motion cannot raise: (1) issues that were raised on direct appeal, unless there is a showing of changed circumstances; (2) non-constitutional issues that could have been raised on direct appeal, but were not; and (3) constitutional issues that were not raised on direct appeal. See Belford v. United States, 975 F.2d 310, 313 (7th Cir. 1992) (overruled on other grounds by Castellanos v. United States, 26 F.3d 717 (7th Cir. 1994)). An ineffective assistance

2

of counsel claim may be brought in a § 2255 motion regardless of whether the claim was raised on appeal. Massaro v. United States, 538 U.S. 500, 504, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003).

B.     Ineffective Assistance of Counsel

To prevail on his claim of ineffective assistance of counsel, petitioner must show that his counsel's conduct "fell below an objective standard of reasonableness" and "outside the wide range of professionally competent assistance." Strickland v. Washington, 466 U.S. 668, 690, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To succeed on a § 2255 petition, petitioner's counsel's errors must be so serious "as to deprive the [petitioner] of a fair trial, a trial whose result is reliable." Lockhart v. Fretwell, 506 U.S. 364, 369-70, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993) (quoting Strickland, 466 U.S. at 687). In other words, petitioner "must show that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Benefiel v. Davis, 357 F.3d 655, 662 (7th Cir. 2004) (quoting Strickland, 466 U.S. at 694).

Because the court begins with a strong presumption that counsel's conduct falls within the wide range of acceptable professional assistance, petitioner faces a heavy burden in making out a winning ineffective assistance of counsel claim. See Strickland, 466 U.S. at 690; United States v. Ruzzona, 247 F.3d 688, 696 (7th Cir. 2001).

## DISCUSSION

Petitioner first argues that counsel failed to introduce evidence of a psychosexual evaluation performed on petitioner in which the psychiatrist concluded that petitioner was not a

pedophile.[1] Petitioner's brief characterizes the report as "exculpative," and claims that this evidence, coupled with testimony from his nieces that he had never acted improperly with them, would have resulted in his acquittal at trial. Petitioner claims these arguments would have bolstered an entrapment defense (which was never argued) by demonstrating that the government's intent was to induce or entrap petitioner to commit a crime for which he had never previously been convicted. He further argues that the psychiatrist's findings would have demonstrated to the jury that petitioner was a naive individual susceptible to manipulation by undercover agents.

First, it is not clear that the psychiatrist's report would have been admissible at trial. Such a report would likely be considered hearsay; the psychiatrist who wrote the report would have to have been called to testify at trial.[2] A lawyer's decision to call or not to call a witness is a strategic opinion that is generally not subject to review. Valenzuela v. United States, 261 F.3d

---

[1] The government states that no such report has been tendered, and petitioner has not submitted an affidavit attesting to the facts allegedly contained in the report. The court notes that at the sentencing hearing, trial counsel did mention the existence of such a report and its conclusion. Petitioner states in his briefs that he has attempted to obtain the report from former counsel, but counsel has been uncooperative, which petitioner claims is further evidence of ineffective assistance of counsel.

[2] Petitioner cites various cases where the failure to obtain an exculpatory report was held to be ineffective assistance. The relevance of the reports in those cases far outweighs the questionable relevance of the report petitioner seeks to introduce, and counsel those cases confessed the failure to introduce was the result of an oversight or misapprehension and not a strategic decision. See Harris v. Cotton, 365 F.3d 552, 555 (7th Cir. 2004) (failure to introduce toxicology report showing victim was under the influence of cocaine and alcohol at the time of the incident was held ineffective assistance of counsel where defense strategy was self-defense); Dorsey v. Kelly, 92 CIV. 8943 (LLS), 1997 WL 400211 (S.D.N.Y. July 16, 1997) (failure to introduce medical report confirming that semen stain was consistent with the bodily fluids of complainant but not those of petitioner constituted ineffective assistance of counsel in a sodomy prosecution) aff'd sub nom. Dorsey v. People, 164 F.3d 617 (2d Cir. 1998).

694, 699-700 (7th Cir. 2001); United States v. Balzano, 916 F.2d 1273, 1294 (7th Cir. 1990). In rare cases, an attorney's failure to investigate or call certain witnesses can constitute ineffective assistance of counsel. See Sullivan v. Fairman, 819 F.2d 1382, 1390 (7th Cir.1987); Berry v. Gramley, 74 F.Supp.2d 808 (N.D.Ill.1999). "Where a petitioner claims his trial counsel failed to call a witness, he must make a specific, affirmative showing as to what the missing evidence would have been, and prove that this witness's testimony would have produced a different result." Patel v. United States, 19 F.3d 1231, 1237 (7th Cir.1994) (citations omitted).

Petitioner claims that the psychiatrist's report concluded that petitioner is not a pedophile, and that this evidence could have convinced a jury that he was entrapped into committing the crime with which he was charged. Petitioner's argument that the psychiatrist's testimony would have led the jury to reach a different result, however, is wholly unconvincing.

To begin, petitioner's argument regarding the psychiatrist's testimony hinges on the presentment of an entrapment defense. To raise an entrapment defense, a defendant must introduce evidence of: (1) government inducement; and (2) his lack of predisposition. United States v. Blassingame, 197 F.3d 271, 279 (7th Cir. 1999). Petitioner argues that his lack of criminal convictions for sex offenses shows his lack of predisposition, and that the undercover agent induced him to engage in sexually explicit conversations as part of an extraordinary scheme. He claims the agent was "hammering away at [petitioner's] remaining self-control" for two hours, and overcame petitioner's desire not to prey on the alleged minor's innocence by enticing him with talk of "her" sexual experience. Petitioner posits that, had the agent claimed "she" was a virgin or accepted petitioner's initial equivocations about meeting a minor, petitioner would not have gone forward.

5

Petitioner repeatedly argues that he was naive and susceptible to manipulation, but as the government points out, there is no evidence in the record of government inducement. Petitioner initiated the online conversation with the individual he believed to be a minor and petitioner was the one who suggested that the two meet. Chat transcripts demonstrate that petitioner almost immediately brought up the topic of meeting with his chat partner. Although petitioner does initially state that he does not want to have sex with "her," he changes his mind within a few lines of the chat conversation. Further, there was ample evidence at trial of petitioner's predisposition. The government presented recordings of petitioner's calls from prison to family members encouraging them to destroy evidence on his computer. The record reflects that petitioner had hundreds of pictures of what appeared to be underage females stored on his computer, and admitted to conversations with other minors.

Petitioner has not demonstrated that the introduction of a report or testimony concluding that he is not a pedophile would have resulted in a different outcome at trial. His reliance on an entrapment defense that would have been insufficient and inadmissible renders his argument unconvincing. Consequently, the court finds counsel was not ineffective in failing to introduce such a report or testimony.

Further, the introduction of a report finding that petitioner is not a pedophile does not necessarily bear on petitioner's guilt or innocence as to the charged conduct. The report cannot be said to be directly exculpatory because petitioner is not charged with being a pedophile, but rather with attempting to entice a minor to engage in sexual activity and crossing state lines to engage in sexual activity with a minor. Evidence of a diagnosis of pedophilia is not necessary to his conviction on either count. At trial, the government introduced sufficient evidence, through

chat conversations and recordings, that petitioner engaged in interstate travel with the purpose of enticing a minor. A psychological evaluation does not negate that evidence.

Petitioner's second argument is that counsel should have called a number of character witnesses to the stand. As noted above, a lawyer's decision to call or not to call a witness is a strategic opinion that is generally not subject to review. Valenzuela, 261 F.3d at 699-700 (7th Cir. 2001). Petitioner argues that counsel should have called his nieces, who were minors at the time, to testify that petitioner never made or attempted to make any advances towards them that would be considered inappropriate. This testimony, however, is not proper character testimony, but rather inadmissible prior good act testimony. FRE 404(b). Petitioner therefore fails to show that any of his attorney's decisions regarding the presentation of witnesses at trial were unreasonable at the time they were made. Counsel's performance regarding this strategic decisions were therefore not ineffective. See Harris v. Reed, 894 F.2d 871, 877 (7th Cir.1990) ("objectively reasonable strategic decisions ... are virtually unchallengeable.").

Petitioner's third argument is that he wanted to testify on his own behalf at trial, but that counsel persuaded him not to do so. He now argues that had he known that his defense attorney would not subject the prosecution's case to meaningful adversarial testing, he would not have forfeited his right to testify. Petitioner claims that his testimony "would have allowed him to tell his side of the story and would have subjected the government's case against him to a more meaningful adversarial testing process."

First, petitioner does not allege that the outcome of the trial would have been different if he had testified; he simply states that the government's case would have been subject to a "more meaningful adversarial process." Petitioner has therefore failed to demonstrate that any prejudice

resulted from his failure to testify. Petitioner has also failed to demonstrate that he was deprived of any right. Petitioner was present when the court inquired whether he would testify at trial, and petitioner did not object when counsel announced petitioner's intention not to testify. His § 2255 petition concedes that counsel convinced him not to testify, not that he was prevented from testifying. The record therefore demonstrates that plaintiff affirmatively made the choice not to testify. He may have regretted that choice after the trial concluded, but he has not demonstrated that he did not realize he was waiving his right to testify or that his attorney made that choice for him.

Petitioner's final argument, that counsel was ineffective for failing to present an entrapment defense at trial, has been discussed and rejected above.

The court therefore denies petitioner's Section 2255 motion to vacate his sentence.


**ENTER:**     **October 3, 2013**

                                   _____
                                   **Robert W. Gettleman**
                                   **United States District Judge**